# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Amy Armenta, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF |
| v. | |
| Purdie and Associates, Inc, | |
| Defendant. | JURY DEMAND ENDORSED HEREIN |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a natural person who resided in Houston, Texas at all times relevant to this action.

3. Defendant is a Georgia corporation that maintained its principal place of business in Lawrenceville, Georgia at all times relevant to this action.

4. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

5. As described below, Defendant attempted to collect a debt from Plaintiff, which is a "debt" as defined by 15 U.S.C. §1692a(5).

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. On or around October 27, 2009, Defendant telephoned Plaintiff's place of employment and spoke to Plaintiff's receptionist ("Rebecca").

8. During this communication, Defendant falsely represented that Defendant was calling about check fraud charges pending against Plaintiff.

1

9. Rebecca transferred Defendant to Plaintiff.

10. During this communication, Defendant falsely represented that there was a pending case for check fraud against Plaintiff.

11. During this communication, Defendant threatened to garnish Plaintiff's wages.

12. On or around October 27, 2009, Defendant telephoned Plaintiff's sister.

13. During this communication, Defendant falsely represented that there were check fraud charges pending against Plaintiff.

14. On or around October 28, 20009, Defendant telephoned Plaintiff and left a voice message.

15. On or around October 28, 2009, Plaintiff telephoned Defendant in response to the above referenced voice message.

16. During this communication, Defendant falsely represented that Defendant was pursuing a "clear cut" case of check fraud against Plaintiff.

17. On or around October 29, 2009, Defendant telephoned Plaintiff.

18. During this communication, Defendant falsely represented that Defendant was pursuing check fraud charges against Plaintiff.

19. During this communication, Defendant threatened to file check fraud charges against Plaintiff in Plaintiff's county unless Plaintiff paid the balance of the debt that day.

20. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692c by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692d by engaging in conduct that natural consequence of which is to harass, oppress, or abuse Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

30. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

31. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

 b. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        Macey & Aleman, P.C.

        By: <u>s/ Timothy J. Sostrin</u>
          Timothy J. Sostrin, attorney-in-charge
          IL Bar # 6290807, SD Texas Bar # 980881
          233 S. Wacker Drive, Suite 5150
          Chicago, IL 60606
          Telephone: 866-339-1156
          Email: tjs@legalhelpers.com
          Attorneys for Plaintiff